```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         ALBANY DIVISION
```

```
JAMES EDWARD THORNTON, SR.,        *
       Plaintiff,                  *
vs.                                *
                                        CASE NO. 1:11-CV-171 (CDL)
ALBANY DRIVERS LICENSE,            *
et al.,
                                   *
       Defendants.
                                   *
```

O R D E R

Plaintiff James Edward Thornton, Sr. ("Thornton"), proceeding *pro se* and *in forma pauperis*, filed a Complaint against "Albany Drivers Licenses," the Georgia Department of Labor, the Albany Housing Authority, "Sentencing District of United State[s] Probation Office [for the] Middle District of Georgia," and several others.[1] *See generally* Compl., ECF Nos. 1 & 1-1. Thornton claims that he is a "kidnap victim" and that several Defendants are holding his "release papers," money, driver's license and social security card. *Id.* at 4, ECF No. 1-1 at 2. Thornton also claims that he is the victim of race discrimination, *id.* at 6, ECF No. 1-1 at 4, and that he ordered and paid for a computer that he did not receive, *id.* at 8-9, ECF

---

[1] Thornton's Complaint appears to be on behalf of himself and "Gen. James Edward Thornton Sr.," Thornton's Construction Building Contractors, JLK Hauling and Construction Company, General Construction Company and Facility Maintenance Service. The Court refers to all Plaintiffs collectively as "Thornton."

No. 1-1 at 6-7.  Thornton seeks $9.99 decillion in damages and various forms of injunctive relief.[2]  Compl. 9-10, ECF No. 1-1 at 7-8.

Presently pending before the Court is the Georgia Department of Labor's Motion to Dismiss (ECF No. 9), which is granted as discussed in more detail below.  Also before the Court is the Albany Housing Authority's Motion to Dismiss (ECF No. 12), which is granted for the reasons set forth below.  Thornton's claims against "Albany Drivers Licenses" and "Sentencing District of United State[s] Probation Office [for the] Middle District of Georgia" are dismissed under 28 U.S.C. § 1915(e)(2)(B). Thornton's remaining claims are dismissed for lack of subject matter jurisdiction.  Accordingly, Thornton's Complaint is dismissed in its entirety.

## MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

---

[2] A decillion is a one followed by thirty-three zeros.  Table of Denominations Above One Million, *available at* http://www.merriam-webster.com/table/dict/number.htm (last visited July 31, 2012).

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556). "The same standards governing dismissals under Fed. R. Civ. P. 12(b)(6) apply to dismissals under § 1915(e)(2)(B)(ii)." *Shanks v. Potter*, 451 F. App'x 815, 817 (11th Cir. 2011) (per curiam).

*Pro se* pleadings must be liberally construed; while "wildly implausible allegations in the complaint should not be taken to be true, . . . the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

DISCUSSION

## I. Claims Against Georgia Department of Labor, U.S. Probation Office and "Albany Driver's Licenses"

Thornton alleges that the Georgia Department of Labor ("Labor Department"), along with "Sentencing District of United State[s] Probation Office [for the] Middle District of Georgia" ("U.S. Probation Office") and "Albany Driver's Licen[s]es" ("Albany DMV"), violated Thornton's "5th Amendment Constitutional Rights, under due Process" and that Thornton is a "kidnap victim" under the federal criminal kidnapping statute, 18 U.S.C. § 1201. Compl. 3-4, ECF No. 1-1 at 1-2. Specifically, Thornton claims that the Labor Department, the U.S. Probation Office and the Albany DMV "are holding [Thornton's] Release Papers, [his] money which is [his] UnEmplormeny [*sic*], and [his] Driving Lice[ns]es." Compl. 4, ECF No. 1-1 at 2. Thornton further alleges that he cannot get a job because these Defendants are "holding [his] S.S. Card." *Id.* Thornton appears to allege that he is a "kidnap victim" because Defendants are holding his release papers, money, driver's license and social security card. *Id.* He further alleges:

> I am a Kidnap Victim, This is what Constituted The elements of this Civil Action Law Suit, Civil Criminal Negligences and a violation of Civil Rights Act, Discrimination, Race of Color, Harassment, Conspiracy to Identity Theft Falsefity Documents, Aidding and Betting to Murder, Defamation of Carriter [*sic*].

*Id.* Under a liberal construction of these allegations, the Court concludes that Thornton is attempting to assert the following claims against the Labor Department, the U.S. Probation Office and the Albany DMV: (1) Fifth Amendment Due Process Claim, (2) kidnapping claim under 18 U.S.C. § 1201, (3) denial of unemployment benefits, (4) race discrimination, (5) identity theft, (6) falsification of documents, (7) aiding and abetting murder, and (8) defamation of character.

Thornton's Complaint is completely devoid of factual allegations to state a plausible claim for relief against the Labor Department, the U.S. Probation Office and the Albany DMV under any of these theories. First, there are no specific factual allegations to support a due process claim. It is impossible to tell from the Complaint what factual grounds form the basis for the due process claim, so Thornton's attempted due process claim fails.[3] Second, even if 18 U.S.C. § 1201 provided a private right of action for kidnapping victims, Thornton did not allege any facts to support a claim that the Labor Department, the U.S. Probation Office or the Albany DMV kidnapped him, so

---

[3] Moreover, even if Thornton's Complaint contained sufficient factual allegations to support a Fifth Amendment claim against the Labor Department, the Labor Department correctly asserts that it would fail for another reason. "Civil actions against state officers for violations of federal constitutional rights are governed by 42 U.S.C. § 1983." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (per curiam). Thornton's Fifth Amendment claim against the Labor Department would fail because the Labor Department is a division of the State of Georgia and is not a "person" subject to suit under § 1983. *E.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

that attempted claim fails. Third, to the extent that Thornton is attempting to state a claim for denial of state unemployment benefits, he has asserted no factual basis for such a claim. Moreover, Georgia law provides an extensive scheme for state unemployment benefit determinations, and appeals of the administrative review process must be filed "in the superior court of the county where the employee was last employed." O.C.G.A. § 34-8-223(b). Therefore, even if Thornton had alleged sufficient facts to support a claim for denial of state unemployment benefits, jurisdiction is proper in a Georgia superior court—not in this Court—and any attempted claim for denial of state unemployment benefits therefore fails. Finally, Thornton failed to allege any facts to support his claims that the Labor Department, the U.S. Probation Office or the Albany DMV discriminated against him because of his race, committed identity theft, falsified documents, aided and abetted murder or defamed him; therefore, these attempted claims all fail. For all of these reasons, the Court concludes that Thornton's Complaint fails to state a claim against the Labor Department, the Albany DMV and the U.S. Probation Office. Therefore, the Labor Department's Motion to Dismiss (ECF No. 9) is granted. Thornton's claims against the U.S. Probation Office and the Albany DMV are also dismissed. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring a court to dismiss *in forma pauperis* action if the

6

court determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief"); *accord Thibeaux*, 275 F. App'x at 890-93 (affirming *sua sponte* dismissal pursuant to 28 U.S.C. § 1915); *see also Shanks*, 451 F. App'x at 817 ("The same standards governing dismissals under Fed. R. Civ. P. 12(b)(6) apply to dismissals under § 1915(e)(2)(B)(ii).").

## II. Claims Against Albany Housing Authority

Turning to Thornton's claims against the Albany Housing Authority, Thornton appears to allege that he applied for a job with the Albany Housing Authority and that he was not hired because of his race or color. *See* Compl. 6, ECF No. 1-1 at 4. Thornton alleges that he applied for an open maintenance supervisor or maintenance foreman position, and he signed the application "James E. Thornton, Sr." *Id.* The next day, Thornton received a card in the mail addressed to "James Thornton" that stated "Thank you for your interest." *Id.* Thornton believed he met the requirements "to get the job or at leas[t] an[] in[ter]view." *Id.* Based on these circumstances, Thornton concluded that he was being discriminated against based on his race or color. *Id.*

The Court construes Thornton's claims against the Albany Housing Authority as race discrimination claims under 42 U.S.C. §

1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Under these statutes, it is unlawful for an employer to discriminate against employment applicants based on race. 42 U.S.C. § 2000e-2(a); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004) (explaining elements of § 1981 race discrimination claim). To state a race discrimination claim under either statute, Thornton must allege facts establishing that (1) he is a member of a racial minority, (2) the Albany Housing Authority discriminated against Thornton by failing to hire him, and (3) Thornton's race was a motivating factor in the Albany Housing Authority's decision. *E.g., Jackson*, 372 F.3d at 1270; 42 U.S.C. § 2000e-2(a), (m). Here, based on a liberal reading of the Complaint, Thornton did allege that the Albany Housing Authority failed to hire him. But Thornton did not make any specific allegations regarding his race. More importantly, Thornton only summarily alleged that the Albany Housing Authority's decision was motivated by race, and Thornton did not allege *any* facts that support an inference that racial animus motivated the Albany Housing Authority. Rather, Thornton simply alleged that he received an acknowledgment card addressed to "James Thornton" the day after he applied for a job with the Albany Housing Authority. The only specific allegation regarding racial discrimination is: "You can't get a letter to a person the next day, now this [is]

8

what got my attention, that I was being discriminated by Race of Color [*sic*]." Compl. 6, ECF No. 1-1 at 4. Thornton's conclusory allegations merely state legal conclusions and do not provide the Albany Housing Authority with fair notice of the factual grounds on which the Complaint rests. Therefore, the Court finds that Thornton's Complaint fails to state a claim against the Albany Housing Authority for race discrimination, and the Court therefore grants the Albany Housing Authority's Motion to Dismiss.

## III. Claims Against Other Defendants

Thornton's remaining claims are against the following Defendants: (1) "Blue/Fast Delivery Expediting Streak" of Jacksonville, Florida, (2) Vicki Washington of Blue Streak Couriers in Leesburg, Georgia, (3) James Thornton Construction of Albany, Georgia, (4) JLK Hauling and Construction Company of Albany, Georgia, (5) Lamar Stewart, and (6) Tronix Country of Springfield, Virginia.[4]  Compl. 7, ECF No. 1-1 at 5. Collectively the Court refers to these Defendants as the "Computer Claim Defendants."

---

[4] The Court notes that, according to the Complaint, Thornton shares an address with James Thornton Construction, which is named as a Defendant. Compl. 7-8, ECF No. 1-1 at 5-6. The Court also notes that Thornton listed JLK Hauling and Construction Company as a Plaintiff on page one of the Complaint but as a Defendant on page seven. *Compare* Compl. 1, ECF No. 1 at 1, *with* Compl. 7, ECF No. 1-1 at 5. Finally, the Court notes that Thornton names as Defendants "Lamar Stewart 1st, Lamar Stewart 2nd, Lamar Stewart 3rd, Lamar Stewart 4th, the Whole Family of Lamar Stewart." Compl. 7, ECF No. 1-1 at 5. The Court refers to these parties collectively as "Lamar Stewart."

Thornton claims that he ordered a computer from Tronix Country and paid a down payment from a bank account at DOCO Federal Credit Union. *Id.* 8, ECF No. 1-1 at 6. Thornton further claims that a person from "Blue Fast Delivery Expediting, Streak" delivered the computer to "someone else by the James Thornton Construction [*sic*]" but had Thornton "sign (13) pages and initial them, show I.D. and took picture of it [*sic*]." *Id.* at 9, ECF No. 1-1 at 7. Thornton contends that the Computer Claim Defendants were "running [a] con game to defraud the bank out of [his] money and to steal [his] computer and identity." *Id.* Based on these factual allegations, the Court concludes that Thornton is asserting a state law conversion claim against the Computer Claim Defendants.[5]

Thornton has not alleged a jurisdictional basis for his claims against the Computer Claim Defendants. The Court finds that it does not have original jurisdiction over the claims. *See McCants v. Ala.-W. Fla. Conference of United Methodist Church, Inc.*, 372 F. App'x 39, 40 (11th Cir. 2010) (per curiam) (noting that a court "must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking") (internal quotation marks omitted). The Court does not have jurisdiction under 28 U.S.C. § 1331 because the factual allegations do not state a

---

[5] Thornton claims that these acts by the Computer Claim Defendants give rise to claims of "conspiracy, mayh[e]m, identity thef[t] [and] defamation of [character]." Compl. 9, ECF No. 1-1 at 7.

federal question claim. The Court also does not have jurisdiction under 28 U.S.C. § 1332 because there is not complete diversity of citizenship among the parties; Thornton is a citizen of Georgia, as are several of the Computer Claim Defendants. Accordingly, the Court does not have subject matter jurisdiction over these claims, and they are dismissed.[6]

CONCLUSION

For the reasons set forth above, the Court grants the Georgia Department of Labor's Motion to Dismiss (ECF No. 9) and the Albany Housing Authority's Motion to Dismiss (ECF No. 12). The Court dismisses Thornton's claims against the U.S. Probation Office and the Albany DMV under 28 U.S.C. § 1915(e)(2)(B), and the Court dismisses Thornton's remaining claims for lack of subject matter jurisdiction.

IT IS SO ORDERED, this 2nd day of August, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[6] Even if the Court had not dismissed Thornton's claims over which this Court may arguably have original jurisdiction, supplemental jurisdiction over the claims against the Computer Claim Defendants would be improper because the claims are not "so related to claims in the action" over which the Court has original jurisdiction that "they form part of the same case or controversy." 28 U.S.C. § 1367(a).

11